**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL CASE NO. 1:20-cv-00109-MR**

| | | |
|---|---|---|
| **TYSHAWN WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **FNU CORPENING, et al.,** | ) | **ORDER** |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Also pending is Plaintiff's Motion to Appoint Counsel [Doc. 3]. Plaintiff is proceeding *in forma pauperis.* [Doc. 6].

**I.    BACKGROUND**

*Pro se* incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining about incidents that allegedly occurred at the Marion Correctional Institution.[1]  Plaintiff names as Defendants: FNU Corpening, the superintendent of Marion C.I.; and Thomas Hamilton, the unit manager for Marion C.I.'s restrictive housing E-Unit.

_____

[1] Plaintiff is presently incarcerated at the Pasquotank Correctional Institution.

Plaintiff alleges that he experienced unsanitary conditions for more than 60 days on Marion C.I.'s E-Unit. Plaintiff alleges that inmates on the E-Unit are given cleaning rags with which to clean their cells because Defendant Hamilton determined that paper towels are wasteful and too expensive. Plaintiff claims that inmates are provided a cleaning rag only approximately once per week, even though the inmates in E-Unit were to clean their cells three days per week. [Doc. 1 at 9].

Plaintiff alleges that he has asked correctional officers Morgan and McPeters for a toilet brush. These requests were denied because Defendant Hamilton stopped allowing toilet brushes for security reasons, i.e., inmates were breaking off toilet brush handles to make weapons. Plaintiff alleges that inmates are instead provided gloves and a scrub pad to clean their toilets. Plaintiff alleges that the gloves are insufficient because they only come to the wrist rather than the elbow, "leaving the rest of the arm exposed to becoming infected by toilet water full of bacteria." [Doc. 1 at 9]. Plaintiff claims that he was not even provided a toilet scrub pad on one occasion. [Id. at 11].

Plaintiff alleges he "brought to custody['s] attention" that a strong odor and a large amount of lint was coming through the ventilation system, making it difficult to breathe. [Doc. 1 at 9]. He claims that "custody" disregards these

issues because "they don't have to live in these conditions…." [Id.]. When Plaintiff complained to "the officials working" about these issues, "the officials" responded that "we are inmates, and this is part of our punishment." [Id. at 10]. Plaintiff alleges that E-Unit officers told him that the odor and lint in the ventilation system will not be monitored or taken into consideration. [Id. at 11]. Plaintiff further alleges that "custody staff" have provided inmates with old cracked pillows that leak "some sort of black particle dust that inmates also breathe in constantly. Which also can cause cancer." [Id. at 11].

Plaintiff alleges that he has placed Defendant Corpening on notice of these matters through grievances and written requests to which Plaintiff receives no response. Plaintiff alleges that Defendant Corpening does not make security rounds or otherwise check conditions and that Defendant Hamilton has an "anything goes" policy on the E-Unit which is adopted by "[a]ll officials," including Defendant Corpening. [Doc. 1 at 10].

As injury, Plaintiff claims that he has "burning eyes and severe migraine headaches" for which he has not sought medical attention. [Doc. 1 at 12]. Plaintiff alleges that his health problems will increase if he continues to breath in lint and odor; that breathing black dust from the pillows will enlarge his lungs and cause cancer; and that exposure to bacteria in toilet

3

water "can absolutely cause a Health Condition" including a skin infection on his arms and "gets into Human pores for future health problems of causing cancer."  [Id. at 9, 11].

Plaintiff seeks a declaratory judgment, injunctive relief, compensatory and punitive damages, attorney's fees, and filing fees.

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis,* the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a *pro se* complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set

forth a claim that is cognizable under federal law.  <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387 (4th Cir. 1990).

## III.   DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." <u>Am. Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 49-50 (1999).

As a preliminary matter, the Complaint contains allegations about individuals who are not named as defendants.  <u>See</u> Fed. R. Civ. P. 10(a) (requiring the parties to be included in the case caption).  This failure renders Plaintiff's allegations against them nullities. <u>See, e.g.</u>, <u>Londeree v. Crutchfield Corp.</u>, 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served).  The allegations directed at individuals not named as defendants are therefore dismissed without prejudice.

Plaintiff claims that his rights under the Eighth Amendment were violated.  The Constitution "does not mandate comfortable prisons, … but neither does it permit inhumane ones." <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994) (quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 349 (1981)).  To establish a violation of the Eighth Amendment in the context of a challenge

to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297-99 (1991). Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim. Hudson v. McMillian, 503 U.S. 1, 8–9 (1992). To be sufficiently serious, the deprivation must pose a "serious or significant physical or emotional injury resulting from the challenged condition," or a "substantial risk of serious harm resulting from … exposure to the challenged conditions." Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016) (quoting De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003)).

The conditions that Plaintiff describes are not sufficiently serious to state a plausible Eighth Amendment claim. Plaintiff has failed to allege that he was deprived of the minimal civilized measure of life's necessities, that he suffered serious or significant physical or emotional injury, or that these conditions placed him at substantial risk of serious harm.

With regard to sanitation, Plaintiff admits that he is given a rag about once a week to clean his cell and gloves and a cleaning pad to clean his toilet. Although these cleaning supplies are not to Plaintiff's liking, his allegations are insufficient to make a plausible claim that this problem is so

serious as to implicate the Eighth Amendment. Plaintiff does not allege that he has been harmed by the quality of the cleaning supplies or the frequency with which they are provided. His contentions of prospective harm are speculative and unsupported. For instance, his assertion that bacteria may be absorbed into his pores and could ultimately result in a skin infection or cancer does not plausibly allege a substantial risk of serious harm.

Plaintiff's allegations regarding odors, lint, and pillow stuffing also fail to state a plausible Eight Amendment claim. While Plaintiff purports to suffer from severe headaches and watering eyes, he admits that he has not sought medical care for these issues. As such, these issues are not sufficiently serious to implicate the Eighth Amendment. See, e.g., Webb v. McKnight, 2006 WL 3761382 (W.D. Va. Dec. 20, 2006) (prisoner failed to state an Eighth Amendment claim because the injuries of which he complained – indigestion, constipation, headaches, occasional vomiting, and emotional distress – were not sufficiently serious), aff'd, 225 F. App'x 117 (4th Cir. 2007). Moreover, Plaintiff's conclusory allegations that his headaches and other issues are *caused by* the odors, lint and pillow contents are not sufficient to raise a plausible inference of harm. In addition, Plaintiff's conclusory and speculative allegations that that his exposure to these odors, lint, and pillow stuffing will result in future health consequences, including

Case 1:20-cv-00109-MR   Document 7   Filed 11/12/20   Page 7 of 10

cancer, fail to plausibly allege a substantial risk of serious prospective harm. Therefore, Plaintiff's ventilation-based claims fail to state a plausible Eighth Amendment violation and will be dismissed.

To the extent that Plaintiff attempts to state official-capacity or supervisory claims based the foregoing conditions, those claims fail because Plaintiff has not plausibly alleged that any violation of his rights occurred. See generally King v. Rubenstein, 825 F.3d 206, 223–24 (4th Cir. 2016).

Construing Plaintiff's allegations liberally, they raise an inference that Plaintiff's conditions are uncomfortable, irritating and even gross. They are, however, insufficient to show that the conditions of his confinement are constitutionally deficient, that he has suffered any significant injury, or that the conditions pose a substantial risk of serious harm. Plaintiff has failed to state any plausible § 1983 claim and, therefore, the Complaint will be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff has filed a Motion seeking the appointment of counsel. He alleges that he cannot afford to hire a lawyer and is proceeding *in forma pauperis*; that his imprisonment will limit his ability to litigate this case which is complex and will require significant research and investigation; that he has limited access to a law library and has limited knowledge of the law; that a trial will likely involve conflicting testimony that counsel would be better able

8

to present; and that he has been housed in an RDU Program for 13 to 16 months without legal resources, contact with lawyers, or law books. Plaintiff has failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel. See Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987) (requiring a plaintiff must present "exceptional circumstances" for the court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel). Therefore, Plaintiff's Motion seeking the appointment of counsel will be denied.

## IV. CONCLUSION

In sum, Plaintiff has failed to state a claim against any Defendant. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted. Should Plaintiff fail to timely amend his Complaint, this action will be dismissed without prejudice and without further notice to Plaintiff. Plaintiff's Motion for the Appointment of Counsel is denied.

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend the Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

9

The Clerk is instructed to mail Plaintiff a blank prisoner § 1983 complaint form.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel [Doc. 3] is **DENIED**.

**IT IS SO ORDERED.**

Signed: November 11, 2020

Martin Reidinger
Chief United States District Judge